IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JERRY ALLEN GREEN,<br>    Defendant. | Case No. 4:18-cr-40059-JEH-1 |

**Order**

Now before the Court is Defendant, Jerry Allen Green's *pro se* and counseled motions to reduce sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (D. 50 & 55.)[1] For the reasons stated, *infra*, the motions are granted.

On November 15, 2018, a nine-count indictment was filed against the Defendant in the U.S. District Court for the Central District of Illinois, charging him with various offenses, including distribution of methamphetamine and possession of unregistered destructive devices. On May 22, 2019, Green pled guilty to six counts pursuant to a plea agreement, and the remaining counts were dismissed by the government at sentencing.

The original guideline range for Green, was calculated based on a total offense level of 38 and a criminal history category of II. This calculation stemmed from the grouping of the drug-related counts, which formed count group one, with a base offense level of 36 under U.S.S.G. § 2D1.1. The defendant received a two-point upward adjustment under U.S.S.G. § 2D1.1(b)(2) and another two-point

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

upward adjustment under U.S.S.G. § 3C1.1, resulting in an adjusted offense level of 40 for count group one. Counts two and seven were grouped to form count group two, with a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B), which, after adjustments, resulted in an adjusted offense level of 28. The highest group, count group one, determined the total offense level. After a two-point reduction for acceptance of responsibility, the total offense level was 38. The defendant was initially assessed one criminal history point for a prior offense and an additional two points for committing the instant offense while under another criminal justice sentence, resulting in a total of three criminal history points and a criminal history category of II. Consequently, the guideline range for the two count groups was 262 to 327 months' imprisonment, with an additional mandatory consecutive five-year sentence for count four. On October 7, 2019, the Court sentenced Green to a total of 340 months' imprisonment, which included a middle-of-the range 280 months concurrent on counts 1, 3, and 8; 120 months concurrent to each other and counts 1, 3, and 8 on counts 2 and 7; and a consecutive 60-month sentence on count 4.

      Subsequently, Green filed a *pro se* motion to reduce his sentence on August 13, 2024, citing Amendment 821 to the United States Sentencing Guidelines, which retroactively amended the calculation of criminal history points. The court appointed Assistant Federal Defender Thomas A. Drysdale to represent Green in further proceedings. On April 4, 2025, Green, through his attorney, filed a formal motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821, arguing that the amendment reduced his criminal history category and thus his guideline range. The Government filed a response on May 8, 2025, acknowledging Green's eligibility for a sentence reduction but opposing the motion based on the seriousness of his offense conduct and other factors.

Green argues that he is eligible for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines, which retroactively alters the calculation of criminal history points. According to Green, this amendment impacts his guideline range, making him eligible for a reduction under 18 U.S.C. § 3582(c)(2). Specifically, Amendment 821 eliminates "status points" for defendants with six or fewer criminal history points, which applies to Green, thereby reducing his criminal history category and lowering his guideline range, reducing his criminal history category from II to I, and thus lowering his guideline range from 262 to 327 months to 235 to 293 months.

Green further contends that the Court should exercise its discretion to grant the reduction by considering the factors set forth in 18 U.S.C. § 3553(a). He emphasizes his rehabilitation efforts and good conduct while incarcerated, noting that he has not incurred any disciplinary infractions during his time in prison. Additionally, Green highlights the support of his family and community as further justification for a reduced sentence.

Green argues that a proportional reduction to the middle of the new, amended guideline range is consistent with the purposes of sentencing, as outlined in 18 U.S.C. § 3553(a). He asserts that the reduction would reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public, while ensuring that the sentence is sufficient but not greater than necessary. Green argues that his request for a sentence reduction to 306 months, which includes 246 months on counts one, three, and eight, and a consecutive 60-month sentence on count four, aligns with these principles and the revised guideline range. Green also points out that, given the fact he is only 6.5 years into his sentence, even with the requested 34-month reduction, he will likely be close to 80 years old when he completes his sentence.

The Government agrees that Green is *eligible* for a reduced sentence, but it argues that this Court should not exercise its discretion because of the seriousness of Green's offenses, his continued criminal conduct while incarcerated, and the need for adequate punishment. The original sentence, according to the government, remains necessary to protect the community and uphold the principles of justice.

Specifically, regarding the seriousness of the offense, Green, a member of the Mixtecas outlaw motorcycle gang, engaged in violent drug and weapons dealing. His criminal activities included the manufacture and sale of anti-personnel pipe bombs and firearms to undercover officers posing as drug dealers. His actions demonstrated a blatant disregard for public safety, as he was only concerned with whether the bombs would be used on a "crowd or buildings". Additionally, Green was responsible for distributing large quantities of high-purity ice methamphetamine, further endangering the community.

Green's violent tendencies were evident in his assault on D.M., whom he lured to his house, pushed down the stairs, and brutally beat with the help of accomplices. He also solicited the rape of B.E., offering methamphetamine as payment and ensuring B.E. would be restrained during the assault. These actions, according to the Government, underscore Green's danger to the community and the seriousness of his offenses.

Regarding post-sentencing conduct, the Government highlights that despite Green being incarcerated, he tested positive for amphetamine and methamphetamine on February 24, 2025, and admitted to drug use during a disciplinary hearing. The Government therefore argues that this conduct indicates Green has not reformed and continues to engage in criminal behavior, undermining any argument for a reduction in his sentence.

Finally, the Government contends that the original sentence of 340 months appropriately reflects the severity of the defendant's crimes and the need for adequate punishment. The sentence was imposed after considering the defendant's background, the nature of his offenses, and the potential danger he poses to the community. The Government argues that reducing the sentence would not serve the interests of justice, as it would fail to deter future criminal conduct by the Defendant.

Deciding whether to reduce a sentence pursuant to retroactive Amendment 821 is a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). The first step requires the court to determine that a reduction is consistent with the policy statement issued by the Sentencing Commission. This step involves substituting the amended guideline range and leaving all other guideline application decisions unaffected. *Id.* Specifically, the court must determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time of the initial sentencing hearing and apply only the amendments listed in the relevant policy statement while avoiding relitigating the factual findings made in the original sentencing decision. *United States v. Koglin*, 822 F.3d 984 (7th Cir. 2016)

The second step allows the court to consider whether, in its discretion, the authorized reduction is warranted, either in whole or in part, according to the statutory sentencing factors set forth in 18 U.S.C. § 3553(a); *Dillon*, 560 U.S. at 817. The court must consider any applicable § 3553(a) factors and determine whether a reduction is warranted based on the severity of the offense, the defendant's history and characteristics, and other relevant factors. *United States. v. Clayton*, 811 F.3d 918 (7th Cir. 2016).

There is no dispute in this case that at step-one, Green is eligible for a reduction in his sentence. Applying Amendment 821, the elimination of his

5

"status points" would change his criminal history category from II to I, and thus lower his guideline range and the drug counts from 262 to 327 months to 235 to 293 months.

The parties disagree at step-two, however, regarding whether the § 3553(a) factors support the reduction, as set forth *infra*. As the Government argues, the § 3553(a) factors regarding the need for adequate punishment, promoting respect for the law, protecting the public, deterrence, and the seriousness of the offense, both at the time of sentencing and now, support a lengthy sentence in this case. Regarding Green's post-sentencing conduct, as the Government points out, it has not been prefect, although it has been generally good. Ultimately, however, Green is only 6.5 years into a very long sentence, and it is too soon for his conduct in prison to heavily weigh in favor or against a reduction.

Indeed, only one thing has really changed significantly since Green was originally sentenced—his guideline range—which of course is one of the § 3553(a) factors relevant at the time of sentencing and now. At the time of sentencing, the sentencing judge clearly considered the guideline range when imposing sentence (as he must), and he selected a middle-of-the-range sentence on the drug counts, *i.e.* 280 months' imprisonment. If the guideline range was then what it is now, it is likely that weighing the same § 3553(a) factors—including the now different guideline range— would have resulted in another, but lower, middle-of-the range sentence of 234 months' imprisonment.

Even if this were not the case, weighing the § 3553(a) factors with the now lower guideline range warrants the sentence reduction today. Can anyone really say with a straight face that a 234-month sentence is meaningfully different than a 280-month sentence on the drug counts for purposes of the retributive factors set forth at § 3553(2)(A)? Both sentences are extraordinarily long. Will the Defendant, or anyone else, decide that a life of crime is his best path in life, given that he might

only receive a 234-month sentence instead of a 280-month sentence? Not likely. Does the fact that Green, who was 54 years old when he went into custody in this case, will be in his late 70s upon release from prison if his sentence is reduced, as opposed to his late 80s, make his punishment any less just or somehow encourage people to have a lack of respect for the law? No. Finally, declining to reduce a defendant's sentence based upon a retroactive change to his guidelines for which he is eligible will create an unwarranted disparity, where he originally received a within-guideline sentence for which the guideline range clearly was a principal driver in the Court's weighing of the § 3553(a) factors. Given the circumstance in this case and the sentence Green originally received, someone similarly situated to him today would receive the 234-month sentence, not the 280-month sentence.

In other words, considering the § 3553(a) factors, a sentence which is sufficient but not greater than necessary to achieve the purposes of sentencing is a total of 306 months' imprisonment, which includes a middle-of-the range 234 months concurrent on counts 1, 3, and 8; 120 months concurrent to each other and counts 1, 3, and 8 on counts 2 and 7; and a consecutive 60-month sentence on count 4. All other aspects of the sentence remain unchanged. The motions to reduce sentence pursuant to Amendment 821 of the United States Sentencing Guidelines are therefore granted. (D. 50 & 55.)

The Clerk of the Court is directed to prepare and Amended Judgment to reflect the reduction in sentence.

*It is so ordered.*

Entered on May 13, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE